IN THE MATTER OF THE ATTORNEY GENERAL *v.* THE CONTINENTAL LIFE INSURANCE COMPANY.

*Receiver of an insolvent insurance company — full commissions are not allowed to a second receiver upon funds collected and turned over to him by his predecessor.*

APPEAL from certain portions of an order of the Special Term, confirming the report of Howland D. Perine, referee.

John P. O'Neil, who was the receiver of the Continental Life Insurance Company, died on the 23d of February, 1883, while there was pending an accounting of the affairs of his receivership, and Mr. A. Barton Hepburn was appointed receiver in his place and assumed the management of the trust. The new receiver presented his accounts to the 31st of August, 1883, covering the period of the first six months of his receivership. By an order duly made, Mr. Perine was appointed referee to take and state these accounts,

which he proceeded to do. His report was duly filed, exceptions duly taken, and after a proper hearing, an order was made confirming the report, with a single unimportant exception. From some parts of the order this appeal is taken.

The court at General Term, after overruling certain objections made to the report, said: "The real question on the appeal, if indeed it be of any serious import, is the objection made to the allowance of five per cent on $92,700.15. The objection to this is that two and one-half per cent only should have been allowed upon that sum, and two and one-half per cent on the sum of $29,495.01. And this seems to be predicated of the condition of the assets at the time of the death of O'Neil and the addition to such sum resulting from the receipt of moneys by the present receiver, that is to say, the amount of the assets which came into the hands of O'Neil and remained at the time of the appointment of the present receiver was $274,152.09, which was increased $29,495.01, and which latter sum it is claimed the receiver received by virtue of his office; in other words, the bulk of the assets having come into the hands of Mr. O'Neil they were in *custodia legis*, and the present receiver had only to disburse them, therefore, and succeeded to their possession only for that purpose. The proposition may be stated in another form, namely, that Mr. Hepburn was a continuing and not an independent receiver.

"This proposition seems to be correct, for when the present receiver was appointed to succeed Mr. O'Neil, the fund upon which a full commission was allowed to the present receiver had been paid and it was in his official hands at the time of his decease. It necessarily passed directly to the present receiver on his appointment. It should not again be subjected, therefore, to a similar burden, from the mere fact that the present receiver has acquired it by virtue of his office. It must be said that that is not such a receiving of the fund as the law contemplates to make it chargeable with commissions. It is the service or duty of collecting or gathering together the fund which subjects it to a charge for commissions, and not for succeeding to its possession after it has been thus gathered together. It must be said further that the law contemplates but one commission, which is the entire compensation provided for collecting. Inasmuch, therefore, as the court had posses-

sion of this fund and it was, as already suggested, in *custodia legis*, the present receiver is entitled to be compensated only, as to the fund which had been collected or received by the late receiver, for paying it out. In that respect and to that extent the order should be modified."

Ordered acccordingly.

*Raphael J. Moses*, for the policyholders, appellants.

*Edward H. Hobbs*, for the receiver, respondent, and *D. O'Brien*, attorney general, for The People, respondents.

Opinion by BRADY, J.; DAVIS, P. J., and DANIELS, J., concurred.

Attorney's charges modified as directed in memorandum.